UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                              **MEMORANDUM OF LAW & ORDER**
                                Criminal File No. 7-188 (MJD/RLE)

(1) ANDREW HENRY OEHLER,

    Defendant.

Steven L. Schleicher, Assistant United States Attorney, Counsel for Plaintiff.

James S. Becker, Office of the Federal Defender, Counsel for Defendant.

## I. INTRODUCTION

This matter is before the Court on Petitioner Andrew Henry Oehler's Section 2255 Motion to Vacate and Correct Sentence. [Docket No. 89]

## II. BACKGROUND

On September 18, 2007, Petitioner Andrew Henry Oehler pled guilty to Count Three of the Indictment, Armed Career Criminal in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).

A sentencing hearing was held on February 29, 2008. Based on the application of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), a 15-year mandatory minimum sentence applied. The ACCA provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1). The predicate offenses for the ACCA were determined to be Fleeing a Police Officer in a Motor Vehicle; Terroristic Threats; Third Degree Burglary; and Theft of a Motor Vehicle. Absent application of the ACCA, Oehler was subject to a 10-year statutory maximum sentence. 18 U.S.C. § 924(a)(2). The Court sentenced Petitioner to 188 months in prison, followed by 5 years supervised release. Petitioner did not appeal his conviction or sentence.

Oehler previously filed a § 2255 motion that was denied. [Docket No. 82] This year, the Eighth Circuit granted Oehler permission to file a successive habeas petition based on <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). [Docket No. 86]

III.   DISCUSSION

    A.   **Standard for Relief under 28 U.S.C. § 2255**

28 U.S.C. § 2255(a) provides:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice. A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted). Alternatively, the procedural default can be excused if the defendant can demonstrate that he is actually innocent. Bousley v. United States, 523 U.S. 614, 622 (1998).

### B.   Johnson v. United States

The ACCA provides that a 15-year mandatory minimum sentence applies to a defendant who violates 18 U.S.C. § 922(g) and has three prior convictions for a "violent felony" and/or a "serious drug offense." 18 U.S.C. § 924(e)(1). The ACCA further defines "violent felony" as a felony that "(i) has as an element the

use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. § 924(e)(2)(B). The clause "or otherwise involves conduct that presents a serious potential risk of physical injury to another" is known as the "residual clause." Johnson held that the residual clause of the ACCA is void for vagueness. 135 S. Ct. at 2557, 2563. The Supreme Court has further held that Johnson is retroactive to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

    C.    **Application of Johnson to Oehler's Predicate Offenses**

As both parties agree, Oehler's previous Minnesota state convictions for fleeing a police officer in a motor vehicle, Minn. Stat. § 609.487, subd. 3, and motor vehicle theft, Minn. Stat. § 609.52, subd. 2(17), only qualified as a "violent felony" under the ACCA's residual clause. Therefore, post-Johnson, they no longer qualify as predicate offenses. Oehler only has two remaining qualifying predicate convictions. Thus, Oehler is not an armed career criminal under the ACCA. As a result, the statutory maximum sentence for Oehler's current conviction is 10 years.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Petitioner Andrew Henry Oehler's Section 2255 Motion to Vacate and Correct Sentence [Docket No. 89] is **GRANTED**.

2. Judgment in the criminal case is **VACATED**, and Andrew Henry Oehler shall be resentenced as soon as reasonably practicable.

3. Andrew Henry Oehler shall remain in custody pending the resentencing hearing. The Government shall issue a writ for his appearance at resentencing.

4. The U.S. Probation Office shall prepare a supplemental Presentence Investigation Report in advance of the resentencing hearing.

Dated:   November 3, 2016          s/ Michael J. Davis
                                    Michael J. Davis
                                    United States District Court